UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Civil Action No. 15-cv-02362-WYD

DANA ALIX ZZYYM,

        Plaintiff,

v.

JOHN F. KERRY, ET AL.,

        Defendants.

## DECLARATION OF BENNETT S. FELLOWS

I, Bennett S. Fellows, do hereby state and declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am Division Chief of the Office of Adjudication Policy in the Office of Adjudication of the U.S. Department of State, Bureau of Consular Affairs, Passport Services Directorate. I submit this declaration in connection with the response of the Defendants to Plaintiff Zzyym's "Opening Brief in Support of Declaratory, Injunctive, and Other Relief and Opposition to Defendants' Motion for Judgement on the Administrative Record and Motion to Dismiss" (ECF No. 37). The statements made herein are based on my personal knowledge and on information provided to me in the course of my official duties with the Department of State (the "Department"). I have served in the Passport Directorate for ten years, and have been in my current position in the Office of Adjudication for four years. From 2006 to 2009, I adjudicated passport applications in the National Passport Center in Portsmouth, New Hampshire, where

I later supervised the adjudication of passports from 2009 to 2010. The mission of the Office of Adjudication includes providing the highest level of quality in adjudicating passport applications and identifying fraud while maintaining efficiency. The Office of Adjudication Policy develops and implements the Department's policies and procedures for adjudicating passports.

2. The Secretary of State has authority under 22 U.S.C. § 211a (the Passport Act of 1926) and Executive Order 11295 (August 5, 1966), to grant and issue U.S. passports, and to authorize U.S. diplomatic and consular officers and such other U.S. citizen employees of the Department as he may designate to issue U.S. passports. The Secretary has authorized the adjudication of U.S. passports by Specialists serving in U.S. passport centers and agencies domestically and by Foreign Service Officers serving in U.S. Embassies and Consulates abroad.

3. Under its regulatory authority, 22 C.F.R. § 51.20(a), the Department has prescribed certain forms to be completed by individuals applying for a U.S. passport, including Form DS-11, the form used by Plaintiff in this case. Applicants are required to complete the application, and information that the Department deems material to its adjudication of the applicant's claim of identity and citizenship must be provided.

4. Prior to 1976, applicants for U.S. passports were not required to provide their sex in passport applications, and U.S. passports did not list the sex of the bearer on the data page. Since October 1976, the Department has required all applicants for U.S. passports to specify their sex as either "M" for Male or "F" for Female on passport application

forms, and has imprinted every U.S. passport with a sex marker consistent with the holder's passport application.

5. An applicant's sex is one of the key data such as name, date of birth, and place of birth that the Department deems material to its adjudication of the applicant's claim of identity and citizenship. Not only must such data be provided by every applicant, it must also be supported by documentation generated by third parties, such as birth certificates, driver's licenses, social security cards, third-party affidavits, and/or other documentation consistent with the information submitted by the applicant.

6. An application without one of the two checkboxes for "Sex" checked, either for "M" or for "F," is not considered to be complete. If an applicant fails to indicate their sex, or lists it incorrectly, the passport adjudicator takes appropriate corrective measures, either to add or correct the sex indicated on the application where it is clear from the documentation submitted by the applicant, or to obtain additional information from the applicant, in either case in accordance with the Department's policies. Writing a word above the "M" and "F" checkboxes on the application form does not constitute submitting the data required by the form.

7. Depending on the circumstances, an applicant's failure to complete certain items on their application form may not result in suspension of processing or denial of the application. For example, the Department may not suspend the processing of a passport application if the applicant fails to provide an e-mail address or additional telephone number, fails to specify their occupation, school, or employer, or fails to provide marital

3

information, unless there are discrepancies in the information submitted by the applicant or other problems with the application that may lead the Department to require the item.

8. The Department also requires all applicants for U.S. visas to select one of these two sex markers in order to submit an electronic visa application. Based on the sex identified in the corresponding visa application, every U.S. visa added to a foreign passport by the Department includes either an "M" or an "F" in the sex field; this is the case even if the applicant's foreign passport has a third gender marker such as "X."

9. In the present case, Plaintiff failed to complete Form DS-11 because Plaintiff failed to complete the "sex" field by selecting one of the two checkboxes provided. [AR-00002.] Under the Department's policy, the sex field can be completed only by checking one of these two boxes, and not by writing a word in the surrounding space. Thus, Plaintiff's writing of the word "Intersex" above the checkboxes while leaving the checkboxes unmarked did not constitute proper "completing" of the application under applicable regulations.

10. In correspondence to Plaintiff dated September 24 and December 29, 2014, the Department advised Plaintiff that the Department requires the sex field on passports to be listed as either "M" or "F" and, therefore, could not fulfill Plaintiff's request to have sex listed as "X" on a U.S. passport. [AR-00018 & 00036.] Writing "Intersex," or any other word, instead of selecting a checkbox to indicate sex is not an option on the application form because only the binary options "M" and "F" appear on the data pages and in the contactless chips used in U.S. passports. The correspondence explained why such an

4

incomplete application form, accompanied by a request to receive a passport with a third sex marker beyond the parameters of the application form or U.S. passports, could not be processed and had therefore been rejected.

11. A U.S. passport is the world's premier identity credential, and every passport issued by the Department is based upon the submission of documentation supporting a finding of valid identity and citizenship. A U.S. passport is proof of identity and a vital travel document for Americans going abroad.

12. In addition to their primary use to facilitate identity checks in connection with international travel, U.S. passports serve an important secondary purpose in verification of identity (and citizenship) for a wide variety of uses by diverse entities in the public and private sectors. A U.S. passport is a uniquely reliable, and thus widely accepted, proof of identity for such purposes as issuing birth records, drivers' licenses, and vehicle registrations, as well as for applications for employment, government benefits, educational admissions, medical treatment, and banking and credit account applications, among many others.

13. The Department's longstanding policy of allowing only two sex markers – "M" and "F" – on U.S. passports serves several significant purposes related to the passport's central role as a primary proof of identity and citizenship for most U.S. citizens. This data collected by the Department on passport application forms is used to verify the identity and citizenship of persons applying for U.S. passports in connection with the adjudication of their applications. Sex is a key component of the "biometric identity"

that the Department uses to verify the identity of the applicant and distinguish individuals.

14. Each U.S. passport book and U.S. passport card specifies the sex of the holder as "M" for male or "F" for female, and includes a recent photo that clearly shows facial features. Both the sex and the photo image of the holder are among the passport data that are stored in a contactless chip embedded in U.S. passport books[1] and cards. Other components of biometric identity that are required to be provided on passport application forms, such as height, weight, eye color, and hair color, are not printed or otherwise stored in U.S. passports, but all components of biometric identity included on original passport application forms are kept permanently in the Department's passport records for future use in verifying an applicant's identity and citizenship.

15. In verifying an applicant's identity, among other things, the Department matches the applicant's stated sex against numerous other documents and information sources – including birth records, drivers' licenses, court orders and law enforcement records – and a number of governmental and private data bases. Fifty-seven U.S. jurisdictions issue certificates of birth and identity documents, including each of the fifty states, Guam, Puerto Rico, United States Virgin Islands, American Samoa, the Commonwealth of the Northern Mariana Islands, New York City, and the District of Columbia. To the best of my knowledge, none of these entities currently authorize the use of an "X," or any marker other than "M" for male or "F" for female, to specify the sex of the subject of the

---

[1] Temporary passports include a sex field on the data page but do not contain contactless chips.

birth. Although some jurisdictions allow the sex field to be left blank or filled with the word "unknown," these are not used to indicate a sex other than male or female. Similarly, none of the 57 jurisdictions that issue drivers' licenses presently issue licenses with any sex designation other than "M" or "F." It should be noted that none of the other U.S. federal agencies that issue citizenship documents or personal identification cards, such as U.S. Citizenship and Immigration Services in the Department of Homeland Security or the Department of Defense, recognize the use of any third marker, including the "X" for Intersex requested by Plaintiff. Indeed, of the numerous kinds of documents and databases that the Department uses to verify the identity of a passport applicant, I am aware of none that utilize any other sex designations.

16. The rigorous process of verifying a passport applicant's identity and citizenship is necessary to prevent identity theft and passport fraud and to ensure the accuracy and reliability of United States Passports. When an individual applies for a United States passport or crosses the border of the United States using a United States passport, the Department employs a computerized system to ensure document integrity, effective fraud prevention, and cooperation with courts and law enforcement agencies. Sex is one of the items of personally identifiable information input into this system by the Department and other agencies to identify individuals. Although not every law enforcement record from which data is input to this system designates an individual's sex, a field left blank in the system is assumed to reflect that the particular datum is unknown or unrecorded, and not to indicate "intersex" or other possible alternative categorization. Where sex is recorded

in the system, the entries are uniformly "male" or "female," and such entries assist in making connections between passport applicants and passport holders, on the one hand, and information in law enforcement databases relating to those individuals, on the other. To the best of my knowledge, none of the law enforcement entities that provide data to the Department's system use an "X" or any other indicator (including a blank) to signify an option for sex other than male or female.

17. In addition, because only a few countries recognize a third sex marker in their issuance of passports and visas under the precatory specification of the International Civil Aviation Organization (ICAO) permitting the letter "X" to indicate a sex of "unspecified," the Department's introduction of a third gender marker in the sex field of U.S. passports could lead to inconvenience and uncertainty if U.S. citizens face difficulty entering tourist and business destinations abroad in countries that do not yet recognize a third gender marker.

18. The Department does have rules that address changes in gender. In cases in which a passport applicant claims that the sex indicated on their birth document is incorrect, adjudicators must follow the procedures in 7 FAM 1360 Appendix M, "Gender Change" (Appendix M). Appendix M provides guidance and requirements for issuing a passport listing a sex other than the one indicated on the applicant's birth document when the applicant has changed gender from male to female or vice versa, or is in the process of a gender transition. Appendix M sets forth a limited exception to the rule that the sex identified on an applicant's passport application and printed on their passport must match

the sex reflected on the applicant's birth documents and other evidence of identity and citizenship. The Department's policy ensures that a passport reflecting a sex designation different than that reflected on the applicant's birth document is based on sound, objective, medical evidence, which is sufficiently reliable to maintain the passport's integrity as a proof of identity.

19. Department policy does not accept an amended birth certificate as evidence of a new gender sufficient to issue a passport reflecting a change in sex designation. 7 FAM 1320, Appendix M, subsection (c)(6). [AR-00024.] The Department has no control over, and limited knowledge of, the degree of proof that various jurisdictions may require in order to issue an amended birth certificate with a new sex designation. Because a jurisdiction may issue an amended birth certificate based upon an individual's self-identification, or on the basis of evidence that the Department would not accept as sufficient, the Department cannot accept an amended birth certificate as sufficient evidence to issue a passport in a new gender.

20. To satisfy the requirements of Appendix M, the applicant must provide a signed medical certification under penalty of perjury, from a licensed physician who has treated the applicant or reviewed and evaluated the applicant's medical history, that the applicant "has had appropriate clinical treatment for gender transition to the new gender of either male or female." [AR-00023.] The required medical certification provides an objective, reliable basis which assists the Department in adjudicating the claim of identity and in

determining whether issuance of a passport in the new gender is appropriate. In any event, the passport must still identify a sex of "M" for Male or "F" for Female.

21. I am not aware of any instance, other than Plaintiff's application at issue here, in which an individual has applied to be issued a passport with a sex marker other than "M" or "F".

22. It is my understanding that, in the absence of fraud, an individual such as Plaintiff who identifies as "intersex" in other contexts would be not be referred by the Department for prosecution under Federal criminal statutes for making a "false statement" merely due to their compliance with the Department's requirement that all applicants designate an "M" for Male or an "F" for Female in the sex field of their passport application so as to make it possible for the Department to verify their identity and citizenship. Compliance with one of the two options made available by the Department's policy would not be treated as subject to a criminal referral or as a false statement on the passport application form.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: May 25, 2016

Bennett S. Fellows